**UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

No. 99-31415
Summary Calendar

JOSEPH I. VINCENT,

Plaintiff-Appellant,

VERSUS

SOFAMOR DANEK NEVADA, INC.,
successor-in-interest to Timesh, Inc.,

Defendant-Appellee.

Appeal from the United States District Court
For the Eastern District of Louisiana
(98-CV-621-B)

October 24, 2000

Before EMILIO M. GARZA, STEWART, and PARKER, Circuit Judges.

PER CURIAM[*]

Plaintiff-Appellant Joseph I. Vincent ("Appellant") appeals the district court's grant of summary judgment for Defendant-Appellee Sofamor Danek Nevada, Inc. ("Appellee"), on Appellant's products liability claims brought under the Louisiana Products Liability Act, 3B LA. REV. STAT. ANN. §§ 9:2800.51 - 2800.59 (West

---

   *  Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

1997).  Because we find that there are no genuine issues of material fact relating to Appellant's claims, we AFFIRM.

## BACKGROUND

This action arises out of the implantation and the subsequent denting of Timesh®, a titanium mesh cranial plating system.  Dr. Frank Culicchia implanted Timesh into Appellant's skull via a cranioplasty, a skull surgery procedure by which skull defects caused by trauma, tumor, or infection are repaired, to cover a portion of Appellant's skull that was surgically removed because of a tumor.  Five months after the cranioplasty, Appellant allegedly struck the right side of his head on the corner of a fuse box, causing a dent in the surgically-implanted Timesh®.  Appellant did not suffer any injury to his skull or brain as a result of the dent.  Because he was fearful that a larger blow to the same spot would cause significant damage, he opted to have the Timesh® removed.

Appellant's claims against Appellee alleged that the Timesh® violated the LPLA §§ 9:2800.56 and 2800.57 as unreasonably dangerous in design and because of inadequate warning.  After oral argument, the district court granted summary judgment for Appellee on these claims because there was no evidence of an alternative design and because there was adequate warning concerning the flexibility and malleability of the Timesh.

## DISCUSSION

Summary judgment is proper if "the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, show that there is no genuine dispute as to any material fact and that the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c). "A summary judgment ruling is reviewed de novo, applying the same criteria employed by the district court." Theriot v. Danek Med., Inc., 168 F.3d 253, 255 (5th Cir. 1999).

Under the LPLA, there are four theories under which a plaintiff may demonstrate that a product is defective. Before the district court, Appellant alleged only two of them: (1) that the product was defective in design, and (2) that the product was unreasonably dangerous due to inadequate warning. However, Appellant has abandoned the first claim on appeal, thus our review is limited to Appellant's inadequate warning claim. Cinel v. Connick, 15 F.3d 1338, 1345 (5th Cir.) ("An appellant abandons all issues not raised and argued in its initial brief on appeal." (emphasis omitted)), cert. denied, 513 U.S. 868 (1994).

Under the LPLA,

> [a] product is unreasonably dangerous because an adequate warning about the product has not been provided if, at the time the product left its manufacturer's control, the product possessed a characteristic that may cause damage and the manufacturer failed to use reasonable care to provide an adequate warning of such characteristic and its danger to users and handlers of the product.

3B LA. REV. STAT. ANN. 9:2800.57A. However, the LPLA also provides

that a manufacturer is not required to provide an adequate warning about its product when "[t]he user or handler of the product already knows or reasonably should be expected to know of the characteristic of the product that may cause damage and the danger of such characteristic." Id. 9:2800.57B(2). Further, under Louisiana's "learned intermediary doctrine" concerning medical devices, a plaintiff alleging an inadequate warning claim must show that the defendant failed to warn the physician--the learned intermediary--of the risk associated with the use of the particular medical device not otherwise known to the physician and that such failure to warn was both a cause-in-fact and a proximate cause of the plaintiff's injury. Willett v. Baxter Int'l, Inc., 929 F.2d 1094, 1098-99 (5th Cir. 1991).

Under this doctrine, summary judgment was proper because adequate warning was not necessary under § 2800.57B(2). Dr. Culicchia testified that the Timesh® was flexible, malleable, and susceptible to denting when subject to sufficient force. Appellee's product literature plainly states that the Timesh®, which is a thin metal *mesh* plate made of "malleable" titanium, "can easily be bent into any conceivable shape without cracking." 2 R. at 327. Dr. Culicchia testified that he knew these characteristics of Timesh and that it could easily be bent or shaped. Appellant's argument that it was not obvious that an "insignificant" blow to the Timesh® would cause a dent is without any merit. Simply

stated, it is patently obvious, even to a reasonable person, that a thin, metal mesh plate could dent with "insignificant" force, including force from striking the corner of a metal fuse box.  Dr. Culicchia knew or should have known that such force could cause a dent in the Timesh plate, and therefore Appellee did not have to provide any warning to Dr. Culicchia about such possibility.  See § 2800.57B(2).  For these reasons, the judgment of the district court is

AFFIRMED.